[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
{¶ 2} Defendant-appellant Jay A. Johns was charged with driving under the influence, in violation of R.C. 4511.19(A)(1), leaving the scene of an accident, in violation of R.C. 4549.02, and failure to control his vehicle, in violation of R.C. 4511.202. Following a plea of no contest, Johns was convicted of driving under the influence. The state dismissed the remaining charges. Johns now appeals, challenging the trial court's denial of his motion to suppress evidence. We affirm the judgment of the trial court.
{¶ 3} In a single assignment of error, Johns argues that the trial court erred by denying his motion to suppress because the state failed to demonstrate that the arresting officer had probable cause to arrest him for failing to stop after an accident involving damage to real property, in violation of R.C. 4549.03.[1] The state counters that not only did the officer have probable cause to arrest Johns for that violation, but the officer also had probable cause to arrest Johns for driving under the influence, in violation of R.C. 4511.19. We agree with the state's argument.
{¶ 4} R.C. 4549.03 provides, "The driver of any vehicle involved in an accident resulting in damage to real property, or personal property attached to such real property, legally upon or adjacent to a public road or highway shall immediately stop and take reasonable steps to locate and notify the owner or person in charge of such property of such fact, of his name and his address, and of the registration number of [the] vehicle he is driving and shall, upon request and if available, exhibit his driver's or commercial driver's license.
{¶ 5} "If the owner or person in charge of such property cannot be located after reasonable search, the driver of the vehicle involved in the accident resulting in damage to such property shall, within twenty-four hours after such accident, forward to the police department of the city or village in which such accident or collision occurred or if it occurred outside the corporate limits of a city or village to the sheriff of the county in which such accident or collision occurred the same information required to be given to the owner or person in control of such property and give the location of the accident and a description of the damage insofar as it is known."
{¶ 6} Johns argues that the state failed to produce evidence that he did not take reasonable steps to locate and notify the property owner of the damage, or to notify the police department within twenty-four hours of a one-car, no- injury accident. As a result, Johns argues, the officer did not have probable cause to arrest him for a violation of R.C. 4549.03.
{¶ 7} The test for establishing probable cause to arrest without a warrant is whether the facts and circumstances within an officer's knowledge are sufficient to warrant a prudent person in believing that the defendant is committing or has committed an offense.[2] Review of the trial court's findings of fact and conclusions of law entails a two-step inquiry. First, this court must review the trial court's findings of historical fact only for clear error, "giving due weight to inferences drawn from those facts" by the trial court.[3] Next, accepting those properly supported facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. In this case, the de novo determination is "whether [the] historical facts, viewed from the standpoint of an objectively reasonable police officer, amounted to" probable cause.[4]
{¶ 8} The trial court found that Deer Park Patrol Officer Jeffery Hagy had probable cause to arrest Johns for leaving the scene of the accident. The officer testified that, on August 30, 2002, at 2:09 a.m., he had received a call to investigate a car accident in which a car had struck a barrier fence at the end of a dead-end street and had continued into a wooded area. The complainant had reported that the crash had just occurred and that he had seen the car leaving the scene of the accident. When Officer Hagy arrived at the scene within five minutes of the call, he met with the complainant in front of his home, which was adjacent to the accident scene.
{¶ 9} The court also noted that there was a trail of oil on the ground that led from the accident scene to Johns's disabled car. Johns's car matched the description given to Officer Hagy by the complainant.
{¶ 10} The court also noted that, among other physical evidence, the damage to Johns's car was consistent with his having crashed through the fence at the end of the dead-end street. The court found that the red paint scrapes on Johns's car were consistent with the red paint on the fence. And the rearview mirror found by the officer at the accident scene was apparently the mirror missing from the side of Johns's car.
{¶ 11} The court found that Officer Hagy had ample evidence that Johns had not stopped or taken any immediate steps to locate or notify the owner of the fence of the damage, as required by R.C. 4549.03. The evidence indicated that Johns's car had backed through and broken a fence, gone onto a driveway, and then proceeded to travel on a few streets to a point where the car could go no further due to the loss of oil.
{¶ 12} The court found that there was "ample evidence of impaired driving" in that Johns had been involved in a single-car accident in the early morning hours that had caused significant damage to his car. The court determined that Johns either had lied to the police officer, or that he was truly unaware of the fact that he had been involved in a significant accident. The court found that Johns would not or could not explain the damage to his car.
{¶ 13} The court further found that the evidence demonstrated that Johns had an odor of alcohol about him and that he had admitted drinking alcoholic beverages earlier in the evening. The court also noted that Johns had bloodshot eyes as well as slurred speech.
{¶ 14} Because the trial court's factual findings were "supported by competent, credible evidence, and no clear error appears in its statements of historical fact, we are bound to accept its findings."[5]
We hold that the facts, when viewed from the standpoint of an objectively reasonable police officer, amounted to probable cause to arrest for failing to stop after an accident, in violation of R.C. 4549.03. Moreover, we hold that probable cause existed to arrest Johns for driving under the influence, where in the early morning hours he had crashed into a fence, had an odor of an alcoholic beverage about him, admitted that he had been drinking, and had slurred speech and bloodshot eyes.[6]
{¶ 5} Therefore, we overrule the single assignment of error and affirm the judgment of the trial court.
{¶ 16} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 Gorman, P.J., Painter and Winkler, JJ.
[1] The officer mistakenly arrested Johns for failing to stop after an accident, in violation of R.C. 4549.02. Because no person was injured or other vehicle damaged in the accident, the parties concede that Johns should have been cited for failing to stop after an accident involving damage to real property, in violation of R.C. 4549.03.
[2] See State v. Tibbets, 92 Ohio St.3d 146, 2001-Ohio-146,749 N.E.2d 226, citing Gerstein v. Pugh (1975), 420 U.S. 103, 111-112,95 S.Ct. 854; State v. Heston (1972), 29 Ohio St.2d 152, 155-156,280 N.E.2d 376, citing Beck v. Ohio (1964), 379 U.S. 89, 91,85 S.Ct. 223.
[3] See Ornelas v. United States (1996), 517 U.S. 690, 699,116 S.Ct. 1657; State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972;State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
[4] See Ornelas at 696, 116 S.Ct. 1657.
[5] State v. King, 1st Dist. No. C-010778, 2003-Ohio-1541 at ¶ 17, citing Ornelas, supra, at 699, 116 S.Ct. 1657; State v. Curry
(1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172.
[6] See, e.g., State v. King, supra (evidence that, in the early morning hours, a vehicle had clearly gone out of control, an accident had occurred, and the driver had on odor of an alcoholic beverage on his breath provided probable cause to arrest); Cincinnati v. Sims (Oct. 26, 2001), 1st Dist. Nos. C-010178 and C-010179 (erratic driving, strong odor of alcohol, bloodshot and watery eyes, and admission of alcohol consumption provided probable cause to arrest); Cincinnati v. Wolfe, 1st Dist. Nos. C-010303 and C-010304, 2001-Ohio-3916 (admission of driving a car that had just been involved in an accident, an odor of an alcoholic beverage about driver, driver's watery and bloodshot eyes, and an admission of alcohol consumption provided probable cause to arrest).